

August 22, 2023

Honorable Roderick C. Young
United States District Judge
United States District Court
701 East Broad Street
Richmond, Virginia 23219

        **Re:**   *Prepared Food Photos LLC v Southern Roots Farm, LLC*
              Case No. 3:23-cv-00456-RCY

Dear Judge Young:

    I am writing to ask the Court to appoint counsel to represent Southern Roots Farm LLC, the single-member LLC that is a defendant in this copyright infringement lawsuit. I am the sole member and owner of Southern Roots Farm LLC. and neither the LLC nor I can afford counsel. I am informed that, because it is the LLC that has been sued, I cannot defend my LLC pro se. It cannot defend itself without counsel.

    The LLC operates our family hog farm. I do all the work on the farm along with my 18-year-old son, but most of my time is consumed by caring for my terminally-ill husband, who is dealing with an auto-immune disease.. The farm barely brings in enough revenue to keep our family afloat — last year, we made about $20,000, and in 2021, we made $—. We are on county and state assistance for medical and food. In support of these statements, I would be ready to submit a personal form showing that, if I were the defendant personally, I should be allowed to appear in forma pauperis; I could also submit comparable figures for the LLC even though, to my understanding, an LLC cannot appear in forma pauperis,.

    This lawsuit has been filed over the use of a photograph of some pork chops which was placed on the farm's Facebook page in October 2020. At that time, we were using during the recent COVID pandemic to promote sales of our hog products during the period when in-person sales were more difficult as a result of the state's health restriction. A local girl whom we thought we could trust to handle our social media account, posted the photo to the Facebook page. She is no longer involved with our farm and, I understand, has since moved to Maine, so I cannot ask her where she got the photo and why she thought it was available for our use.

    In October, 2022, I received a letter from a law firm in Florida called CopyCat Legal, threatening to sue our farm in federal court in Florida unless we paid them $30,000 within 21 days. The letter said that because Prepared Food Photos only makes photographs available to users who subscribe to access to its entire database of food photos, at a monthly cost of $999 per month, the company would be entitled to be awarded damages in the amount of $11,988 for a year's alleged infringement, which it warned would be multiplied by three for a minimum damages award of $35,964, plus an additional $2,997 for each month of claimed infringement. When I explained our indigence, the law firm reduced its settlement demand to $22,500. and

demanded that I provide tax returns, bank statements or medical records to support my inability to pay. I did not feel comfortable providing such documents to a stranger. So my effort to get the damages reduced to a reasonable level failed.

From what I have read online, Levy, *New trolls on the block: Prepared Food Photos and Daniel DeSouza / CopyCat Legal*, https://clpblog.citizen.org/new-trolls-on-the-block-prepared-food-photos-and-daniel-desouza-copycat-legal/; *Resistance to Extortionate Copyright Infringement Claims by Prepared Food Photos*, https://clpblog.citizen.org/resistance-to-extortionate-copyright-infringement-claims-by-prepared-food-photos/, the letter that I received, and the lawsuit that has been filed against my LLC, a standard form letter and lawsuit that used against small businesses all over the country. This company, its corporate predecessor Adlife Marketing and Communications ("Adlife"), and its lawyers are well-known copyright trolls, sending thousands of demand letters and filing hundreds of infringement lawsuits every year (although this company never files suit anywhere other than where the alleged infringing company is located– the threat to sue in Florida is apparently used to make the threat of litigation more intimidating). This company deliberately takes advantage of two facts about small personal businesses whose owners create corporate forms to limit their personal liability: the owners cannot appear in court without a lawyer, and that the cost of being represented by a lawyer are so high that paying thousands of dollars of damages is an attractive idea..

And yet the cases indicate that a copyright owner can get damages only for the lost license fee for the one photo whose copyright was allegedly infringed, not lost license fees for access to its entire catalogue: as the court of appeals phrased it, "what a willing buyer would have been reasonably required to pay to a willing seller for [the] plaintiffs' work, . . . not what the owner would have charged." *Dash v. Mayweather*, 731 F.3d 303, 313 (4th Cir. 2013); *Hofmann v. O'Brien*, 367 Fed. App'x 439, 442 (4th Cir. 2010) (unpublished). Courts in other areas follow the same approach. *Gaylord v. United States*, 777 F.3d 1363, 1368 (Fed. Cir. 2015) ("court is not constrained to accept particular practices of the parties on either side"); *Jarvis v. K2 Inc.*, 486 F.3d 526, 534 (9th Cir. 2007); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001).

And the market value of the one image that was posted to our Facebook page can readily be assessed by searching for images of "raw pork chops" on the web sites of stock photo sites such as iStock, where permission to use comparable images can be bought for either $12 or $33, https://www.istockphoto.com/search/2/image?phrase=raw%20pork%20chops&servicecontext=srp-related; or at Alamy, where access to comparable images can be had for $49.99. https://www.alamy.com/stock-photo/raw-pork-chops.html?sortBy=relevant.

From what I understand, a copyright owner can decide to seek statutory damages instead of actual damages, with a minimum award of $750 (or $200 in some circumstances). But that should not enable the recovery of the sort of damages that Prepared Food Photos was demanding of me. Its letter to me said that statutory damages are generally calculated by applying a small multiplier to the actual damages, and in seeking default judgments in other cases, Prepared Food Photos has made just that argument. Motion for Default Judgment in *Prepared Food Photos v. Zein*, 8:22-cv-01924-MSS-AEP, Document Number 28, at 13 (M.D. Fla.), citing *Corson v.*

*Gregory Charles Interiors*, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (courts "generally look to a plaintiff's actual damages and award 2x – 3x to properly account for statutory damages."). *Accord Mon Cheri Bridals v. Cloudflare, Inc.*, 2021 WL 1222492, at *1–2 (N.D. Cal. Apr. 1, 2021); *BMG Rights Mgt. (US) v. Cox Commun.*, 149 F. Supp. 3d 634, 677 (E.D. Va. 2015), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018). Because the actual damages in this case are less that fifty dollars, there would be no reason for a court to award any more than the minimum amount of statutory damages.

In arguing for a default judgment in a much larger amount, Prepared Food Photos does not tell the courts about decisions confining the level of actual damages to the market value of the single photograph used. So it has managed to get some very high default judgments. I do not want that to happen to my LLC.

I understand that I cannot make these arguments to the Court myself, but considering my economic circumstances I am asking the Court to appoint counsel for my LLC so that appropriate arguments, possibly including an offer of judgment in a reasonable amount, can be made on its behalf.

I had help from a lawyer in preparing this letter to your Honor. Unfortunately, that lawyer, who is not a member of the Virginia Bar, has told me that he cannot represent my LLC in this lawsuit.

Sincerely yours,

*Beth Norford*

Beth Norford