# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **PREPARED FOOD PHOTOS, INC. f/ka ADLIFE MARKETING & COMMUNICATIONS CO., INC.,** )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**SOUTHERN ROOTS FARM LLC**,  )<br>)<br>Defendant.  )<br>)  | Civil Case No. 3:23-cv-456-RCY |

## ANSWER TO COMPLAINT

COMES NOW, Defendant, SOUTHERN ROOTS FARM LLC ("Defendant"), by and through its undersigned counsel, and hereby answers Plaintiff's, PREPARED FOOD PHOTOS, INC. f/ka ADLIFE MARKETING & COMMUNICATIONS CO., INC. ("Plaintiff"), Complaint ("Complaint"), on the grounds and praying for the relief hereinafter set forth. The enumerated paragraphs of the Complaint are admitted, denied, or answered as follows:

### THE PARTIES

1. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 1, and therefore denies them.

2. Admitted, except that Plaintiff is a limited liability company and not a corporation.

### JURISDICTION AND VENUE

3. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 4, and therefore denies them. Defendant denies all allegations of copyright infringement or that Defendant committed any tortious conduct.

4. Defendant admits that it is a Virginia limited liability company that transacts

1

business in the Commonwealth of Virginia, and therefore this Court has personal jurisdiction over Defendant. All other allegations contained in Paragraph 4 are denied.

5. Defendant admits that it transacts business in the Commonwealth of Virginia, and therefore venue is proper. All other allegations contained in Paragraph 5 are denied.

## **FACTS**

6. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 6, and therefore denies them.

7. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 7, and therefore denies them.

8. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 8, and therefore denies them.

9. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 9, and therefore denies them.

10. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 10, and therefore denies them.

11. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 11, and therefore denies them.

12. Defendant avers that the document attached to the Complaint as Exhibit A speaks for itself and that no response is required. To the extent any additional response is required, Defendant denies any remaining allegations in this Paragraph 12.

13. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 13, and therefore denies them.

14. Admitted.

15. Admitted.

16. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 16, and therefore denies them.

17. Defendant avers that the document attached to the Complaint as Exhibit B speaks for itself and that no response is required. To the extent any additional response is required, Defendant denies any remaining allegations in this Paragraph 16.

18. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 18, and therefore denies them.

19. Denied.

20. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 20, and therefore denies them.

21. Defendant admits it has been unable to pay the exorbitant demand by Plaintiff in resolution of this matter but denies all allegations of copyright infringement or that Defendant committed any tortious conduct. Defendant has insufficient knowledge to admit or deny all remaining allegations set forth in Paragraph 21, and therefore denies them.

22. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 22, and therefore denies them.

## COUNT I – COPYRIGHT INFRINGEMENT

23. This paragraph contains no factual allegations with respect to Defendant, and thus no response is required. To the extent any response to Paragraph 23 is required, the same is denied.

24. Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 24, and therefore denies them.

25. Defendant has insufficient knowledge to admit or deny the allegations set forth in

Paragraph 25, and therefore denies them.

26.     Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 26, and therefore denies them.

27.     Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 27, and therefore denies them.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

## AFFIRMATIVE DEFENSES

Defendant, by and through the undersigned counsel, asserts the following affirmative defenses to Plaintiff's Complaint as supported by the following facts. By designating the following defenses as affirmative, Defendant does not concede that it bears the burden of proof with respect to any such defense and does not intend to alter the burden of proof on such matters to the extent the burden rests on Plaintiff.

### First Affirmative Defense

### Doctrine of Fair Use

1.      Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

2.      Section 107 of the 1976 Copyright Act provides for a "fair use" defense in a copyright infringement suit. Under Section 107: "[T]he fair use of a copyrighted work, including

such use by reproduction in copies or phonorecords or by any other means . . . for purposes <u>such as</u> criticism, comment, news reporting, teaching, scholarship, or research, is not an infringement of a copyright." (emphasis added) 17 U.S.C. § 107. The statute sets forth several "factors" a court should consider in determining if a defendant has made a "fair use" of a work: (1) "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes"; (2) "the nature of the copyrighted work"; (3) the "portion used in relation to the copyrighted work as a whole"; and (3) "the effect of the use upon the potential market" for the copyrighted work. <u>Id</u>. § 107(1)-(4).

3.   Defendant's use or any portion thereof of any works, if any, was (i) non-commercial, (ii) educational, and (iii) nominal in relation to some or all of the collective works set forth in copyright registration number VA 2-027-172 as a whole.

<u>**Second Affirmative Defense**</u>

**Doctrine of Copyright Misuse**

4.   Defendant restates, re-pleads, and incorporates by reference each and every allegation set forth above, and avers that Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

5.   Copyright misuse derives from the equitable doctrine of "unclean hands". The misuse of copyright defense applies when the copyright is used in a manner violative of the public policy embodied in the grant of a copyright.

6.   Plaintiff's copyrights in suit do not "promote the Progress of Science and useful Arts," which is the policy underlying the grant of a copyright.

7.   Defendant is informed, and believes, and on that basis alleges that Plaintiff's corporate strategy relies on aggressively suing for infringement upon which it then seeks quick,

out-of-court settlements based on content that it licenses or purchases from third parties.

8.  To the extent Plaintiff seeks to enforce copyrights by abusive conduct by attempting to extract exorbitant sums from parties for alleged copyright infringement, while offering its product for an incomparable fee, it does so in violation of public policy underlying a grant of a copyright.

### Third Affirmative Defense

### Doctrine of Copyright Abandonment

9.  Defendant restates, re-pleads, and incorporates by reference each and every allegation set forth above, and avers that Plaintiff's claims are barred in whole or in part by the doctrine of copyright abandonment.

10. Subject to Sections 107 through 122 of the Copyright Act, the owner of a copyright has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission. 17 U.S.C. § 106.

11. A copyright owner can abandon some of these rights without abandoning all rights.

12. To the extent that Plaintiff, or its agents, freely distributed its works on the Internet,

Plaintiff has expressly abandoned one or more of the exclusive rights described above, and Defendant would have been justified in relying on such actions in order to conclude that the material was being made freely available, and that downloading it would not subject it to suit for infringement.

## Fourth Affirmative Defense

### Innocent Infringer

13. Defendant restates, re-pleads, and incorporates by reference each and every allegation set forth above, and avers that Plaintiff's claims are barred in whole or in part because even if Plaintiff was able to show that Defendant was the actual infringer in this matter, Defendant acted in good faith as an innocent infringer under Section 504 of the Copyright Act and without any intent to infringe Plaintiff's work.

14. Section 504 provides: "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." 17 U.S.C. § 504(c)(2).

15. To the extent that Plaintiff, or its agents, freely distributed its work on the Internet, Plaintiff induced Defendant to believe that such content was being freely distributed further to the kind of marketing strategy described above.

16. To the extent that Plaintiff or its agents, freely distributed its work on the Internet, Defendant would have been justified in relying on such actions in order to conclude that the material was being made freely available, and that downloading it would not subject it to suit for infringement.

17. Further, Defendant is informed, and believes, and on that basis alleges that

Plaintiff's work did not contain any form of copyright notice when published on the Internet.

18. In the event Plaintiff's work did contain any form of copyright notice, such notice was not conspicuous.

## Fifth Affirmative Defense

### Failure to Mitigate Damages

19. Defendant restates, re-pleads, and incorporates by reference each and every allegation set forth above, and avers that any recovery is limited or barred because Plaintiff failed to mitigate its damages.

20. Even if Plaintiff elects to pursue only statutory rather than actual damages, failure to mitigate remains relevant in calculating appropriate statutory damages, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove.

21. Section 512 of the Copyright Act addresses four safe harbors that protect an ISP from liability for copyright infringement when their involvement is limited to certain activities—transitory digital networking communications, system caching, information residing on systems or networks at the direction of users, and information location tools. See 17 U.S.C. §§ 512(a)–(d).

22. More specifically, a service provider shall not be liable to any person for any claim based on the service provider's good faith disabling of access to, or removal of, material or activity claimed to be infringing or based on facts or circumstances from which infringing activity is apparent. regardless of whether the material or activity is ultimately determined to be infringing. Id.

23. A copyright holder may provide a takedown notice to an ISP under Section 512 in order to request that the webhost remove access to authorized content. 17 U.S.C. § 512(c)(3)(A)(i-vi).

24. Mainstream copyright owners now send takedown notices for more than 6.5 million infringing files, on over 30,000 sites, each month.

25. The very purpose of such notices is to purge infringed upon work from websites permitting their download so that copyright holders can prevent infringement, and thereby limit their damages.

26. Defendant is informed and believes that Plaintiff willfully does not send these notices to a variety of other ISPs it knows is hosting its content.

27. Defendant is informed, and believes, and on that basis alleges that if Plaintiff sends the above described notices, it does not simply to purge unauthorized access to its content, but rather to convince third parties it is policing its works, while in actually, Plaintiff's primary purpose is to hide the fact that it is enabling other hosting websites to freely distribute its works which serve the basis of its lawsuits, including the present action.

## Sixth Affirmative Defense

## Lack of Minimal Creativity

28. Defendant restates, re-pleads, and incorporates by reference each and every allegation set forth above, and avers that any recovery is limited or barred because Plaintiff's work at suit in this matter lacks minimal creativity and originality, and its registration is void *ab initio*.

29. Originality is a constitutional requirement and represents the "*sine qua non*," "touchstone," and "bedrock principle" of copyright protection. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-47, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Originality has two components: (1) independent creation by the author (as opposed to being copied from other works) and (2) at least some minimal degree of creativity. *Id.* at 345, 111 S.Ct. 1282.

30. "As a constitutional matter, copyright protects only those constituent elements of a

work that possess more than a de minimis quantum of creativity," 499 U.S. at 363, and that there can be no copyright in a work in which "the creative spark is utterly lacking or so trivial as to be virtually nonexistent." *Id*. at 359; see also 37 C.F.R. § 202.10(a) ("In order to be acceptable as a pictorial, graphic, or sculptural work, the work must embody some creative authorship in its delineation or form."). While the standard of originality is low . . . it does exist." *Feist*, 499 U.S. at 362.

Defendant reserves the right to amend and allege additional affirmative defenses under Fed. R. Civ. P. 8(c), based on discovery or any other factual investigation of the case.

WHEREFORE, having fully answered all allegations in Plaintiff's Complaint, Defendant respectfully requests and prays as follows:

A. That the Complaint be dismissed with prejudice;

B. For an award of Defendant's attorneys' fees and costs of suit; and

C. For other such relief as this Court may consider just and proper.

### DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Defendant demands a trial by jury on all issues so triable.

Date: October 12, 2023,                                     Respectfully submitted,

By Counsel:

  /s/ Robert Powers
Robert Powers, Esq.
Tyler Roth, Esq.
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: rpowers@mcplegal.com
               troth@mcplegal.com

10

mmurawiec@mcplegal.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

              By: /s/ _____Robert Powers_____
                  Robert Powers